UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE C. WATSON,<br><br>Plaintiff,<br>v.<br><br>THE LOWER COLUMBIA COLLEGE FOUNDATION et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05669-DGE<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. NO. 3), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 5), DENYING MOTION TO STAY (DKT. NO. 7) |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. §1915(a). For the reasons discussed herein, Plaintiff's complaint is dismissed with leave to amend.

## I BACKGROUND

Plaintiff began working at Defendant Lower Columbia College Foundation's Early Learning Center on a part-time basis in November 2022. (Dkt. No. 3 at 4.) "Plaintiff received positive performance reviews throughout the course of his employment." (*Id.*) Plaintiff then transitioned into a full-time position as a Teaching Assistant in October 2023. (*Id.*) In the spring

of 2024, Plaintiff was temporarily assigned the role of Lead Teacher for several months; he performed this assignment successfully and without difficulty. (*Id.*)

During his employment at Lower Columbia College Foundation's Early Learning Center, Plaintiff asserts he "was subject to suspicion and innuendo, based solely upon his gender." (*Id.* at 5.) Specifically, Plaintiff identifies (1) that he "was restricted from initiating activities for the students in his charge, although other Teaching Assistants were not similarly burdened," (2) that he "was required to purchase supplies and equipment from his own funds," (3) that he had his "time away from the classroom" monitored "although no other Teaching Assistants were similarly monitored," and (4) that he was not informed about changes to "the dates and times of scheduled meetings" relevant to his role as Chairman of Defendant's Advisory Committee and ultimately stopped receiving "email correspondence regarding the Committee's function" despite never being formally notified of any change to his status. (*Id.*)

Plaintiff was investigated for alleged breaches of his employment conditions in late November 2024 or early 2025 and was suspended in March 2025. (*Id.*) Plaintiff was then given a Performance Evaluation on March 31, 2025 which required him to return to employment the following day. (*Id.*) Plaintiff was "unable to return to his employment with only one day notice" and was terminated on April 4, 2025. (*Id.*) Plaintiff asserts he "was entitled to a Union representative in the matter of his termination" but "Defendants refused to abide by this legal requirement" or "provide Plaintiff with documents which he had requested under Washington's public records laws." (*Id.* at 6.)

Plaintiff also asserts that he is a "qualified individual with a disability"; specifically, that he "suffers from a mental disability which, while not affecting his ability to perform his assigned tasks, is nonetheless exacerbated and increased by stress and conflict." (*Id.* at 4.) Plaintiff

asserts "Defendants were aware at all times of this disability, and of their legal obligations to accommodate it." (*Id.*)

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a right to sue letter on June 9, 2026. (Dkt. No. 5.) Plaintiff moved to proceed in this district in forma pauperis on June 22, 2026. (Dkt. No. 1.) Plaintiff's motion was granted on August 8, 2026 (Dkt. No. 2) and Plaintiff filed his complaint the same day (Dkt. No. 3). Plaintiff brings six causes of action: (1) under the Americans with Disabilities Act, (2) under Title VII of the Civil Rights Act of 1964, (3) "discrimination in violation of state law," (4) "failure to pay wages in violation of state law," (5) defamation and defamation per se, and (6) intentional infliction of emotional distress. (*Id.* at 6–11.)[1]

## II DISCUSSION

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). "The standard for determining whether [a] [p]laintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant

[1] Plaintiff has also filed a 224-page supplement. (Dkt. No. 6.) These documents are of unclear origin and not incorporated into Plaintiff's complaint. Accordingly, the Court does not consider the information in these documents.

to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

**A. Americans with Disabilities Act**

"The ADA is structured as separate titles governing different conduct: Title I, 42 U.S.C. §§ 12111–12117, covers discrimination in employment; Title II, 42 U.S.C. §§ 12131–12165, covers discrimination in public services; and Title III, 42 U.S.C. §§ 12181–12189, covers discrimination in public accommodations and services operated by private entities." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015).

To state a claim for discrimination under Title I of the ADA, a plaintiff must allege he is: (1) disabled under the ADA, (2) a "qualified individual with a disability", and (3) discriminated against "because of" the disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). To state claim for retaliation under Title I of the ADA, a plaintiff must allege: "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Coons v. Secretary of United States Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003)).

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a violation of Title II, a plaintiff must show that "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Plaintiff asserts his claim under Title II of the ADA based on Defendant's alleged failure to provide Plaintiff "the full, equal, and meaningful access to employment that the ADA requires." (Dkt. No. 3 at 7.) However, Title II applies not to the "inputs" of a public agency, such as employment, but with "outputs," including a public agency's services, programs, [and] activities." *Zimmerman v. State Dept. of Justice*, 170 F.3d 1169, 1174 (9th Cir. 1999). This is because "the structure of the ADA as a whole unambiguously demonstrates that Congress did not intend for Title II to apply to employment." *Id.* at 1176.

Even if Plaintiff had asserted his claim under Title I of the ADA, Plaintiff fails to establish that he was discriminated against "because of" his disability.[2] The only allegation of disability-related discrimination apparent in Plaintiff's complaint is that he was unable to return to work when told to return to work "[b]ecause of the stress and emotional trauma associated with the unexpected and unmerited criticism of his job performance[.]" (Dkt. No. 3 at 5.) Plaintiff does not assert the stress and emotional trauma that rendered him unable to return to work was caused by his disability, that he was at that time able to perform the essential job functions with or without accommodations, or that Defendants knew Plaintiff's disability was why he could not return to work.

Accordingly, Plaintiff's claim under the ADA is DISMISSED.

**B. Title VII of the Civil Rights Act of 1964**

Plaintiff asserts a claim for sexual discrimination in employment under Title VII. (Dkt. No. 3 at 7.) It appears Plaintiff is asserting a claim under a disparate treatment theory.[3] To

---

[2] Plaintiff also identifies no "involvement in a protected activity" or alleged retaliation.

[3] "Under Title VII, an employer may be found liable for unlawful sex discrimination under one or more of the following legal theories: disparate impact discrimination, pattern and practice discrimination, or disparate treatment discrimination." *Dodson v. Morgan Stanley DW, Inc.*, No. C06-5669RJB, 2007 WL 3348437, at *6 (W.D. Wash. Nov. 8, 2007). Pattern and practice

prevail on a disparate treatment theory claim, a plaintiff first must establish: "(1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

Here, Plaintiff asserts he was "restricted from initiating activities for the students in his charge," had his time away from the classroom monitored, and was not kept adequately informed about Advisory Committee meetings. (Dkt. No. 7 at 5.) Plaintiff asserts "other Teaching Assistants were not similarly burdened" or "similarly monitored," but does not identify facts indicating why these may be considered adverse employment actions or that similarly situated employees (i.e. female employees) were treated differently. Accordingly, Plaintiff fails to establish Defendant treated him differently than a similarly situated employee who is not a male.

Plaintiff's claim under Title VII is DISMISSED.[4]

**C. Plaintiff's remaining claims**

Plaintiff's remaining four causes of action are for, respectively, violations of Washington anti-discrimination law, Washington wage protection law, defamation, and intentional infliction of emotional distress. (Dkt. No. 3 at 8–11.) This Court can exercise supplemental jurisdiction

---

claims require the plaintiff establish "the employer defendant possesses discriminatory intent" and that there is "the existence of a discriminatory pattern or practice." *Id.* Plaintiff does not allege either discriminatory intent by the employer or the existence of a pattern or practice than is more than isolated, accidental, or sporadic. Disparate impact discrimination claims require a facially neutral policy that in practice "produce[s] a significantly discriminatory selection pattern." *Id.* at *7. Plaintiff identifies no such policy.

[4] Plaintiff also identifies that he was harassed and denied promotions. (Dkt. No. 3 at 7.) However, Plaintiff does not identify whether he was harassed in ways other than the aforementioned examples or what promotions he was denied.

over state law claims when "claims [] are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court can decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction" or if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because there are no remaining federal claims, the Court declines to exercise supplemental jurisdiction over these state law claims. Accordingly, Plaintiff's remaining causes of action are dismissed.

**D. Motion to appoint counsel (Dkt. No. 4) and motion to stay (Dkt. No. 7)**

Because the complaint is being dismissed and there is no operative complaint at this time, there is no basis to consider Plaintiff's motion to appoint counsel or motion to stay. Those motions are DENIED as moot at this time.

## III ORDER

For the reasons identified herein, the Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) but provides Plaintiff with an opportunity to file an amended complaint to address the deficiencies noted in this order. Plaintiff shall file an amended complaint no later than **September 30, 2026**. (If plaintiff believes he needs more time, he may ask the court to extend this deadline.) The Clerk is directed to calendar this event.

Plaintiff's motion to appoint counsel (Dkt. No. 4) and motion to stay (Dkt. No. 7) are DENIED without prejudice as moot.

Lastly, the Clerk is directed to STRIKE Dkt. Nos. 5 and 6. These documents are not authorized. Plaintiff's amended complaint may identify and attach documents referenced in his

amended complaint, but Plaintiff should not attach documents unless they are *specifically* referenced in the amended complaint.

Dated this 26th day of August, 2026.

David G. Estudillo
United States District Judge