UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE C. WATSON,<br><br>Plaintiff,<br>v.<br><br>THE LOWER COLUMBIA COLLEGE FOUNDATION et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05669-DGE<br><br>ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 9) AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 10) |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. §1915(a). For the reasons discussed herein, Plaintiff's complaint is dismissed with leave to amend.

## I BACKGROUND

Plaintiff was employed by Defendant Lower Columbia College as a Teacher's Assistant at its early learning and preschool child center. (Dkt. No. 9 at 1.) During his employment at Defendant's Early Learning Center, Plaintiff asserts he "was subject to unique gender-based stereotypes, intense hyper-scrutiny, and localized workplace friction that was not directed at female employees similarly situated." (*Id.* at 2.) Plaintiff identifies (1) that "[f]emale employees

explicitly stated to management that they 'did not want to work with a man,'" (2) that he was "repeatedly isolated" as the "sole professional staff member in a classroom with 15 highly volatile children," and (3) that management denied him "the professional support staff routinely provided to female teacher assistants." (*Id.*) Plaintiff also asserts that Defendant "launched a grueling, punitive internal investigation" against him following Plaintiff's response to "an unmitigated safety crisis" in his classroom. (*Id.* at 2–3.) After this investigation, Plaintiff claims that "administrators completely froze Plaintiff out" and removed critical witness testimony from their investigation dossier in an attempt to "patch holes in their narrative and manufacture a pretextual justification for termination." (*Id.* at 3.) Plaintiff asserts that these events led him to take a four-day absence due to "severe physical distress," which Defendant "immediately weaponized" to terminate his employment. (*Id.*)

Plaintiff moved to proceed in this district in forma pauperis on June 22, 2026. (Dkt. No. 1.) Plaintiff's motion was granted on August 5, 2026 (Dkt. No. 2) and Plaintiff filed his complaint the same day, asserting causes of action under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, as well as violations of Washington anti-discrimination law, Washington wage protection law, defamation, and intentional infliction of emotional distress. (Dkt. No. 3.) On August 26, 2026, this Court dismissed Plaintiff's initial complaint for failure to state a claim upon which relief could be granted following a mandatory *sua sponte* review pursuant to 28 U.S.C. § 1915(a). (Dkt. 8.) On September 28, 2026, Plaintiff filed an amended complaint, bringing only claims for sex discrimination and hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964 against Defendant Lower Columbia College (Dkt. No. 9), as well as a motion for court appointed counsel. (Dkt. No. 10.)

## II LEGAL STANDARD

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). "The standard for determining whether [a] [p]laintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

Additionally, complaints filed pro se are "to be liberally construed"; "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S.

97, 106 (1976); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*.").

## III DISCUSSION

### A. Sex Discrimination & Hostile Work Environment under 42 U.S.C. § 2000e-2(a)

Plaintiff first asserts a claim for sexual discrimination in employment under Title VII. (Dkt. No. 9 at 3.) It appears Plaintiff is asserting a claim under a disparate treatment theory.[1] To prevail on a disparate treatment theory claim, a plaintiff first must establish: "(1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

Even construing Plaintiff's complaint liberally, this Court is not able to find that Plaintiff has provided sufficient facts to state a claim for relief under Title VII. Plaintiff asserts he was "repeatedly isolated" and that management "consistently denied him the professional support

[1] "Under Title VII, an employer may be found liable for unlawful sex discrimination under one or more of the following legal theories: disparate impact discrimination, pattern and practice discrimination, or disparate treatment discrimination." *Dodson v. Morgan Stanley DW, Inc.*, No. C06-5669RJB, 2007 WL 3348437, at *6 (W.D. Wash. Nov. 8, 2007). Pattern and practice claims require the plaintiff establish "the employer defendant possesses discriminatory intent" and that there is "the existence of a discriminatory pattern or practice." *Id*. Plaintiff does not allege either discriminatory intent by the employer or the existence of a pattern or practice than is more than isolated, accidental, or sporadic. Disparate impact discrimination claims require a facially neutral policy that in practice "produce[s] a significantly discriminatory selection pattern." *Id*. at *7. Plaintiff identifies no such policy.

staff routinely provided to female teacher assistants. (Dkt. No. 9 at 3.) Plaintiff does not however, identify any specific instances or the circumstances in which "professional support staff" were provided to female teacher assistants and not to him. Plaintiff also asserts that "female employees explicitly stated to management that they 'did not want to work with a man'" but he does not identify with any specificity which employee(s) made this statement, when it was made, and to whom the statement was expressed. In his claim for relief, Plaintiff asserts that Defendant subjected him to "intense hyper-scrutiny, targeted text-surveillance, unsafe classroom isolation, and structural isolation that was not directed at female employees." However, Plaintiff does not allege specific facts to support these conclusions; missing is information about who engaged in specific conduct, where such conduct occurred, when such conduct occurred, and what happened as a result. Accordingly, Plaintiff fails to establish with specific facts that Defendant treated him differently than a similarly situated employee who is not a male.

Plaintiff's claim of sex discrimination under Title VII is DISMISSED.

**B. Retaliation under 42 U.S.C. § 2000e-3(a)**

Plaintiff also asserts a claim for retaliation. (Dkt. No. 9 at 4.) To state prevail on a claim for retaliation, a plaintiff must first establish that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Cheatham v. City of Phoenix*, 699 Fed. Appx. 647, 648 (9th Cir. 2017) (citing *Ray v, Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000.)

Plaintiff has not asserted sufficient facts to establish that he was engaged in a protected activity. Plaintiff asserts that he "engaged in protected activity by opposing the discriminatory double standards and hostile work environment to management" but offers no factual allegations to support this claim. (Dkt. 9 at 4.) Plaintiff makes passing mention of "written opposition to

[the] hostile work environment" (*id*. at 3), but this alone does not provide sufficient information for the Court to conclude Plaintiff was in fact engaged in a protected activity. While "a complaint that a supervisor has violated Title VII may constitute protected activity for which the employer cannot lawfully retaliate," Plaintiff has not provided facts specific enough to establish that he did in fact make such a complaint. *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009) (citing *Trent v. Valley Elec. Ass'n, Inc.*, 41 F.3d 524, 526 (9th Cir. 1991)). As with the first claim, missing from this claim is a description of who engaged in specific conduct, when such conduct occurred, where it occurred, and what happened as a result.

Plaintiff's claim of sex discrimination under Title VII is DISMISSED.

**IV ORDER**

For the reasons identified herein, the Court DISMISSES Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) but provides Plaintiff one last opportunity to file another amended complaint to address the deficiencies noted in this order. Plaintiff shall file an amended complaint no later than **November 9, 2026**. Because the complaint is being dismissed and there is no operative complaint at this time, there is no basis to consider Plaintiff's motion to appoint counsel. (Dkt. No. 10.)

The Clerk is directed to calendar this event.

Plaintiff's motion to appoint counsel (Dkt. No. 10) is DENIED without prejudice as moot.

Dated this 8th day of October, 2026.

David G. Estudillo
United States District Judge